MARTHA E. HAYNES *vs.* ALBERT S. GREENE.

JUNE 28, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Bills of Exceptions.*

After verdict for plaintiff, defendant moved for a new trial and plaintiff filed notice of intention to prosecute a bill of exceptions and before decision upon defendant's motion, plaintiff filed his bill of exceptions and transcript which were allowed and transmitted to the Supreme Court.

Later defendant's motion for new trial was granted, and plaintiff excepted and filed a second bill of exceptions incorporating all of the exceptions con-

tained in the first bill, as well as exception to decision granting defendant's motion for new trial. Without order of the Supreme Court counsel for plaintiff took the transcript from the clerk's office and filed it in the Superior Court with the second bill of exceptions for presentation for allowance. The justice allowed the second bill of exceptions but refused to allow the transcript on the ground that he had previously allowed it. The second bill and transcript were then transmitted to the Supreme Court.

Defendant, after decision in his favor on motion for new trial also filed notice of intention to prosecute a bill of exceptions. The extended time for filing bill and transcript had not expired.

On plaintiff's motion to establish truth of transcript and defendant's motion to dismiss first bill of exceptions.

*Held,* that plaintiff's notice of intention to prosecute a bill of exceptions first filed was superseded when defendant filed his motion for new trial and plaintiff should not have proceeded further upon such notice, and plaintiff's first bill of exceptions was not properly before the court and would be dismissed, but plaintiff's notice filed after decision on motion for new trial, was effective, and the court should have passed upon the transcript, in connection with the 2nd bill of exceptions.

*Held,* further, that plaintiff's second bill should not have been certified but should remain in the Superior Court until all proceedings upon defendant's bill were completed, notwithstanding·the statutory provision directing the clerk to certify the papers "forthwith" after they have been restored by the justice to the files of the clerk, for in such a case orderly procedure requires that the papers remain in the Superior Court until both bills are ready for certification, and in so doing the requirements of the statute are complied with.

(2)    *Words and Phrases.    "Forthwith."*

"Forthwith" has a relative meaning depending in any case upon the circumstances.

(3)    *Bills of Exceptions.    Sharing Transcript of Testimony.*

By agreement in writing in compliance with the rules of the Superior Court, parties plaintiff and defendant each filing a bill of exceptions may file for allowance the same transcript of evidence, which shall constitute a compliance with the statutory requirement.

TRESPASS ON THE CASE. Heard upon plaintiff's motion to establish truth of transcript and defendant's motion to dismiss plaintiff's bill of exceptions.

Plaintiff's motion denied without prejudice. Defendant's motion granted.

SWEETLAND, C. J., The above entitled case is before this court upon the plaintiff's motion to establish the truth

of the transcript, and also upon the defendant's motion to dismiss a certain bill of exceptions filed by the plaintiff in the Superior Court and transmitted to this Court.

There has been confusion in the proceedings, seeking a review of the action of the Superior Court in said cause, by reason of a failure to observe the provisions of the statute as construed by this court in *Malafronte v. Milone,* 33 R. I. 460 and *Sullivan v. White,* 34 R. I. 61.

It appears that, upon the trial of said cause before a justice of the Superior Court sitting with a jury, a verdict was rendered for the plaintiff. The verdict was unsatisfactory to both parties. The defendant moved for a new trial and the plaintiff filed notice of intention to prosecute a bill of exceptions. Without waiting for a decision upon the defendant's motion for new trial, the plaintiff filed in the Superior Court his bill of exceptions and a transcript of evidence, both of which were allowed by the justice presiding at the jury trial, and were transmitted to this court. Later said justice made a decision granting the defendant's motion for a new trial. The plaintiff excepted to this decision and then filed a second bill of exceptions in the Superior Court, in which bill she incorporated all of the exceptions contained in her bill previously filed and also her exception to the decision of said justice granting defendant's motion for new trial. Without order of this court, counsel for the plaintiff took the transcript of evidence from the clerk's office and filed it in the Superior Court with his second bill of exceptions for presentation to said justice for allowance. Said justice allowed the second bill of exceptions but refused to allow the transcript on the ground that he had previously made such an allowance. The second bill of exceptions and the transcript were then transmitted to this court.

After the proceedings recited above, the plaintiff filed the motion now before us that we establish the truth of the transcript in order that she may use it in connection with her second bill of exceptions; and the defendant filed his motion that the plaintiff's first bill of exceptions be dismissed.

Section 17, Chapter 298, General Laws, as amended by Chapter 2086, Public Laws 1921, provides, that a party who has taken exceptions in the Superior Court and desires to prosecute a bill of exceptions to this court shall take the procedure therein specified within seven days after verdict or notice of decision on the merits, "but if a motion for a new trial has been made, then within seven days after notice of decision thereon." In *Sullivan v. White*, 34 R. I. 61, we have pointed out "that appellate proceedings from the Superior Court to this court shall not be taken by piece-meal; that bills of exceptions shall not be in order for filing in the Superior Court and for certification to this court until after all matters arising in the cause in the Superior Court have been determined; in case a motion for a new trial is made by either party, not until after the decision on that motion has been given by the Superior Court." In that case the court also said that if a party, desiring to prosecute a bill of exceptions to this court, did not deem it prudent to wait until the last hour of the seven days after verdict or decision on the merits and filed his notice of intention to prosecute a bill of exceptions before he knew whether a motion for new trial would be made by his adversary, then upon the seasonable filing of a motion for new trial by his adversary such party's notice of intention to prosecute a bill of exceptions became of no account and such notice must be refiled after the court's decision upon the adversary's motion for new trial. A party will not lose his right to prosecute exceptions by the failure of his adversary, after filing a motion for new trial, to prosecute the same; for the party desiring to prosecute exceptions may himself force the motion for new trial to a hearing and obtain a decision upon the merits of the motion or a decision denying the motion for want of prosecution.

In the case at bar the plaintiff's notice of intention to prosecute a bill of exceptions first filed was superceded when the defendant filed his motion for new trial and the plaintiff should not have proceeded further upon such

notice. The plaintiff's first bill of exceptions should not have been allowed. It is not properly here, the defendant's motion is granted, and said bill is dismissed.

The plaintiff's notice, filed after the decision upon the defendant's motion for new trial, was effective, and said justice should not have refused to pass upon the correctness of the transcript when the same was presented to him in connection with the plaintiff's second bill of exceptions.

It appears that the defendant, after decision in his favor on the motion for new trial, also filed notice of intention to prosecute a bill of exceptions to this court. The time within which the defendant may file a bill of exceptions and transcript of evidence has been extended in the Superior Court and such time has not yet expired. In this state of the case in the Superior Court we are of the opinion that the plaintiff's second bill of exceptions should not have been certified to this court, but should remain in the custody of the clerk of the Superior Court until all proceedings upon the defendant's bill are completed in that court, and the bill is ready for certification. We are not unmindful of the statutory provision that, when a bill of exceptions after being presented to a justice of the Superior Court for allowance, has been restored by such justice to the files of the clerk of that court, "the clerk of the Superior court shall forthwith certify the cause and all papers therein to the supreme court." The word "forthwith" is a term generally denoting expedition, but it has a relative meaning depending in any case upon the circumstances. In such a case as the present when there are two bills of exceptions pending in the Superior Court, in process of being perfected for certification here, it would lead to inconvenience and confusion, if, in connection with one bill, the clerk of that court should "certify the cause with all the papers therein to the supreme court," before the other bill had been passed upon by said justice, and had also become ready for certification. In such a case the orderly conduct of business requires that the cause and all the papers therein should

remain in the Superior Court until both bills are ready for certification.   By such procedure there has been a compliance by the clerk of the Superior Court with the statutory direction for certification "forthwith."   In accordance with this view the plaintiff's second bill of exceptions was prematurely certified, and the same and the transcript of evidence should be returned to the clerk of the Superior Court.   The plaintiff's motion that we establish the truth of the transcript is denied without prejudice to the plaintiff's right to renew the same  when the plaintiff's bill is regularly before us.

At the hearing before us another matter, involving practice in exceptions, was presented, and, at the request and for the convenience of counsel in the cause, we will determine the same.   For the purpose of enabling the defendant to comply with the requirement of the statute (3) the plaintiff is willing that the defendant should use, in connection with his bill of exceptions, the transcript which the plaintiff has procured and filed, upon the payment to her of a portion of its cost.   The defendant is desirous of doing so, but is doubtful as to whether he will be permitted to file said transcript with his bill of exceptions, have the same allowed by said justice, and use the same in proceedings before us.   We are of the opinion that in the circumstances it would be a needless expense for each of the parties to procure a transcript of the evidence, if they desire to share the cost of one, which is to be filed by  each in connection with his bill of exceptions.   We do not intend thereby to hold, that a party for the purpose of his bill of exceptions can avail himself of a transcript filed by his adversary in connection with such adversary's bill, except by the consent and agreement of the adversary.   Such agreement should be in writing in compliance with the rules of the Superior Court.   In case of such an agreement each party may file for allowance the same transcript of evidence in connection with his bill of exceptions, and such filing shall constitute a  compliance  with  the  statutory  requirement.

*William G. Rich, Waterman & Greenlaw, Charles E. Tilley,*
for plaintiff.

*James H. Rickard, Malcolm D. Champlin,* for   defendant.